UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Charles Estelle,

       Plaintiff,

                                        **ORDER**
v.                                     Civil No. 14-855 ADM/JSM

State Farm Fire & Casualty Co.,

       Defendant.

---

Robert Charles Estelle, pro se.

C. Todd Koebele, Esq., and Scott G. Williams, Esq., Murnane Brandt, PA, St. Paul, MN, on behalf of Defendant.

---

       On June 5, 2014, this matter came before the undersigned United States District Judge on Defendant State Farm Fire & Casualty Co.'s ("State Farm") Motion to Dismiss the Complaint [Docket No. 4]. Plaintiff Robert Charles Estelle opposes the motion.

       The parties have previously litigated in federal court concerning property damage insurance claims made by Dawn M. Kaltenhauser, whom Estelle apparently represented as an "attorney in fact." In his Complaint in this action, Estelle seeks damages for alleged defamatory statements made by State Farm to the Minnesota Department of Commerce in connection with Kaltenhauser's insurance claims. Not. of Removal [Docket No. 1] Ex. A. Estelle filed a Complaint in Washington County District Court, and on March 28, 2014, State Farm removed this action based on diversity jurisdiction under 28 U.S.C. § 1332. Not. of Removal. State Farm now moves to dismiss the Complaint, arguing Estelle has failed to state a claim for defamation.

       The Court lacks subject matter jurisdiction over this action. Estelle seeks damages "in the total amount of $50,000," to be determined with more specificity at trial. Compl. ¶ 13. In

his pleadings and at the hearing for State Farm's motion, Estelle stated that although he initially sought $50,000, he now seeks only $2,447.96, an amount he previously paid to hire a licensed attorney for Kaltenhauser. See Pl.'s 2d Mem. Opp'n Mot. to Dismiss [Docket No. 17].[1]  Based on either Estelle's original allegations or the amount revealed to be the actual amount in controversy, the Court lacks subject matter jurisdiction under § 1332.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290-92 (1938) (holding plaintiff's complaint generally controls jurisdictional amount); James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005) (in sua sponte ruling, finding jurisdiction lacking where it "appears to a legal certainty that the claim is really for less than the jurisdictional amount"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Although the Complaint, memoranda, and Estelle's oral argument suggest Estelle's claim has serious infirmities, a ruling on the merits will not be reached here.

For the reasons stated by the Court at the hearing, and based upon all the files, records,

---

[1] Estelle filed a second opposition memorandum in violation of Local Rule 7.1(i).  The Court considers his second memorandum only due to the unique circumstances of this case.

and proceedings herein, **IT IS HEREBY ORDERED** that:

1. All claims alleged in the Complaint [Docket No. 1-1] are **DISMISSED WITH PREJUDICE.**

2. Defendant State Farm Fire & Casualty Co.'s Motion to Dismiss [Docket No. 4] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 5, 2014.